**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

WADE Z. WEBB,

        **Plaintiff,**

    v.                                  **Civil Action No. 4:20cv180**

MATHEWS COUNTY
SCHOOL BOARD, *et al.*,

        **Defendants.**

### ORDER TO SHOW CAUSE

On November 30, 2020, Plaintiff Wade Z. Webb ("Plaintiff"), appearing *pro se*, filed a Complaint against Defendants and paid the requisite filing fees. Compl., ECF No. 1. Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff's deadline to serve Defendants expired on March 1, 2021, and Plaintiff has not established that timely service has been made. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE**, within twenty-one days from the date of entry of this Order to Show Cause, why this action should not be dismissed pursuant to Federal Rule 4(m).[1]

---

[1] The Court notes that, as required by the Local Civil Rules of the United States District Court for the Eastern District of Virginia, Plaintiff attached a Local Rule 83.1(M) Certification Form ("Ghostwriting Certification") to his Complaint. Ghostwriting Certification, ECF No. 1, at 20; *see* E.D. Va. Loc. Civ. R. 83.1(M). In his Ghostwriting Certification, Plaintiff declared, under penalty of perjury, that "[n]o attorney has prepared, or assisted in the preparation of" Plaintiff's Complaint. Ghostwriting Certification at 1. Despite Plaintiff's declaration, it appears that Melissa D. Johnson, an attorney who is not admitted to practice in this Court, has had some

The Clerk is **DIRECTED** to send a copy of this Order to Show Cause to Plaintiff.

IT IS SO **ORDERED**.

_____ /s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
March 3, 2021

---

involvement in this action.  *See* Information Form, ECF No. 1, at 21 (identifying Plaintiff's email address as wadewebb.melissadjohnsonpllc@gmail.com); Envelope, ECF No. 3-1 (listing Melissa D. Johnson's law office as the return address on an envelope that contained a filing from Plaintiff); Envelope, ECF No. 4-1 (listing Melissa D. Johnson's law office as the return address on an envelope that contained a filing from Plaintiff).  The extent of Ms. Johnson's involvement in this action is unclear; however, Plaintiff is ADVISED that it is "improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as *pro se*," and that the "practice of ghost writing documents 'will not be tolerated in this Court.'"  *United States v. Salamanca*, No. 3:11cr255, 2014 U.S. Dist. LEXIS 3243, at *13 (E.D. Va. Jan. 10, 2014) (citations omitted).   Plaintiff is further ADVISED that if he decides to retain an attorney to represent him in this matter, such attorney must be admitted to practice before this Court.

2